### RUBIN v. BOSSAK SPECIALTY FURS.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

MASTER AND SERVANT (§ 41*)—WRONGFUL DISCHARGE.

    In an action by a salesman for damages for his discharge, where he was to receive a commission of 7½ per cent. upon goods sold, shipped, and paid for, and defendant was to advance $25 weekly as traveling expenses when plaintiff traveled, chargeable to his commission, and that plaintiff was to repay the excess if commissions failed to exceed advances, and plaintiff traveled five weeks, received advances of $150, and earned commissions amounting to $78, there was no evidence to sustain a verdict of $400 for plaintiff.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham B. Rubin against the Bossak Specialty Furs, a domestic corporation now known under the firm name of Bossak & Co., Incorporated. From a judgment entered upon a verdict rendered in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Tobias A. Keppler, of New York City, for appellant.
Alexander A. Mayper, of New York City, for respondent.

LEHMAN, J. The plaintiff was employed by the defendant to act as its salesman "in the states of Indiana and Michigan, and the cities of Youngstown, Toledo and Cleveland in the state of Ohio." The plaintiff was to receive a commission of 7½ per cent. upon "goods sold, shipped, and paid for." The defendant also agreed to advance $25 weekly as traveling expenses from April 1st to May 20th, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

November 1st to December 25th, but only during the period when ordered to travel away from home, and these advances were to be charged to plaintiff's commission account. He agreed to repay any excess if the commissions failed to exceed the advances. The plaintiff traveled from April 1st to May 8th, and earned commissions amounting to $78.60, and during the same period he received advances of $150. Thereafter he claims he was discharged, and brought suit for damages suffered. The jury found a verdict in his favor of $440.

While in cases of this kind it is difficult for a discharged employé to prove his damages with exactitude, before a plaintiff can recover, he must at least show that he has suffered some damages and give testimony sufficient to permit a jury to determine its amount approximately upon reasonable conjecture and probable estimates. In this case no such evidence has been given. During the time when the plaintiff actually traveled, his commissions were only approximately half of his traveling expenses, and there was therefore no profit. The only way that the verdict can be sustained is by taking the amount of commissions earned from April 1st to May 8th as a fair average of the probable profits for the remainder of the contract period, without, however, deducting any traveling expenses for the remainder of the period. Such a calculation is, however, obviously wrong. No jury could reasonably believe that a salesman employed for a special territory outside of New York could earn even approximately the same commissions by staying in New York as by traveling within that territory.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.